IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY RODESKY, | ) |
|     Plaintiff, | ) Case No. 15-cv-1002-JEH |
| v. | ) |
| WEXFORD HEALTH SOURCE INC., et al., | ) |
|     Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT
PFISTER'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Anthony Rodesky responds to Defendant Pfister's motion for judgment on the pleadings, Doc. 89, as follows:

1. As Defendant's motion points out, Plaintiff's counsel forgot to state what form of relief he is seeking against Defendant Pfister in his Complaint. Count I clearly seeks entry of judgment against Defendant Pfister, but counsel forgot to list Pfister's name among the list of individual against whom he is seeking compensatory and punitive damages.[1] This was a drafting mistake, and counsel regrets the error.

2. However, this mistake does not warrant judgment in Pfister's favor.

3. In *Bontkowski v. Smith*, 305 F.3d 757 (7th Cir. 2002), the Seventh Circuit held that failure to include an available request for relief in a complaint does not justify dismissal. "Although Rule 8(a)(3) of the civil rules requires that a complaint contain 'a demand for judgment for the relief the pleader seeks,' the demand is not itself a part of the plaintiff's

---

[1] To be clear, Plaintiff seeks compensatory and punitive damages against Pfister in this case.

claim, and so failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6)." *Id.* at 762 (internal citations omitted).

4. As *Bontkowski* observes, dismissal for failure to include Rule 8(a)(3) relief in a complaint is inconsistent with Federal Rule of Civil Procedure 54(c), which provides that a prevailing party can obtain any relief to which he is entitled, even if he has not specifically demanded that relief in his pleadings. *Id.* "Rule 54(c) has been liberally construed, leaving no question that it is the court's duty to grant whatever relief is appropriate in the case on the facts proved." *Felce v. Fiedler*, 974 F.2d 1484, 1501 (7th Cir. 1992) (internal citations and quotations omitted); *see also Williamson v. Handy Button Mach. Co.*, 817 F.2d 1290, 1298 (7th Cir. 1987) ("Rule 54(c) was designed to divorce the decision what relief to award from the pleadings and arguments of counsel; the court is to determine, and award, the right relief in each case even if the complaint is silent on the question."). Under Rule 54(c) and *Felce*, the Court may not foreclose Plaintiff's right to relief against Pfister (or any Defendant against whom he can establish a legal claim), but that is exactly what Pfister's motion asks this Court to do.

5. It should also be noted that the drafting error on Plaintiff's counsel's part was harmless, as there has never been any doubt about the substantive basis for Plaintiff's claim against Pfister. The complaint clearly identifies Pfister as a party and describes his role relative to plaintiff's housing assignment at Pontiac Correctional Center ("Pontiac."). *See* Doc. 1, at ¶ 10 (identifying Pfister as the Warden of Pontiac and as a party being sued in his individual and official capacities), ¶ 40 (describing problems associated with Plaintiff's housing assignment at Pontiac). In addition, Count I contains factual allegations specific to Defendant Pfister. *Id.* at ¶¶ 63-64 (alleging that Pfister had knowledge of the problems with Mr. Rodesky's housing assignment and that he was deliberately indifferent to those problems), and ¶ 65 (describing the

damage suffered by Mr. Rodesky as a result of defendant Pfister's deliberate indifference). Thus, there has never been a question that Plaintiff is seeking damages against defendant Pfister in this case. Pfister's motion elevates form over substance.

6. In this way, this case is nothing like *Wickstrom v. Ebert*, 101 F.R.D. 26 (E.D. Wis. 1984), the sole case upon which Pfister relies. The complaint at issue in *Wickstrom* contained no allegations at all against the defendants at issue – the plaintiff had merely served them. *Id.* at 30-31. Here, plaintiff has clearly explained why he is suing Pfister alleging both what Pfister did wrong, and the resulting injuries suffered by plaintiff

7. Furthermore, as the litigation progressed, there was no ambiguity that Pfister was a defendant in the case and that Plaintiff had asserted claims against him based on Plaintiff's housing assignment at Pontiac. Pfister's counsel appeared at Mr. Rodesky's deposition and asked him questions specific to Pfister's role in this case. Doc. 90-1 (Rodesky deposition) at 96, 98-100. If Pfister's counsel had any questions about what form or relief Ms. Rodesky was seeking against him (damages vs. injunctive relief), his counsel could have sought clarification through discovery. Pfister cannot claim any harm or prejudice resulting from plaintiff's counsel's drafting error.

8.      Granting Pfister's motion would be also inconsistent with Rule 8. Rule 8(e) states that "Pleadings must be construed so as to do justice." It is hardly consistent with principles of justice to allow judgment in favor of a party on the basis of a technical pleading defect. A just reading of Plaintiff's complaint is that he intends to seek all available remedies against all Defendants for his injuries.[2]

9.      Finally, Pfister requests additional time to file a dispositive motion in the event the instant Rule 12 motion is denied. Doc. 89 at 5. This request should be denied. The Court has already set and re-set the dispositive motion deadline in this case several times, and the Court has had to postpone the trial date as a result. *See* Doc. 77, 85, 86, 92, 1/22/2020 text order. Rule 12(c) motions must be filed to be filed "early enough not to delay trial." Pfister could have filed the instant motion anytime in the five years that have passed since Plaintiff filed his complaint, but Pfister waited until the dispositive motion deadline and opted not to file a Rule 56 motion at that time. That was his prerogative, but he should not be allowed a second bite at dispositive motion apple (which would inevitably further delay trial) if this one fails. Rule 16(b)(4) allows for modification of a scheduling order "only for good cause" but Defendant has not even attempted to establish "good cause" here.  Pfister's request for a second dispositive motion deadline should be denied.

---

[2] As Plaintiff reads *Bontkowski*, *Felce*, and Rule 54(c) there is no need for him to amend his pleadings in order to correct this mistake because he is entitled to seek damages if he prevails on his claim. However, if the Court disagrees, then plaintiff seeks leave to amend his pleadings to fix his obvious drafting mistake.

**Conclusion**

For the foregoing reasons, Defendant Pfister's motion for judgment on the pleadings should be denied.

Respectfully Submitted,

/s/ Elizabeth Mazur
Attorney for the Plaintiff

Alan Mills
Elizabeth Mazur
Nicole Schult
Uptown People's Law Center
4413 N. Sheridan
Chicago, IL 60640
(773) 769-1411

**CERTIFICATE OF SERVICE**

I, Elizabeth Mazur, an attorney, certified that I served a copy of this pleading on all counsel of record by filing the same through the CM/ECF system.

/s/ Elizabeth Mazur

5