## IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS,
## SPRINGFIELD DIVISION

| | |
|---|---|
| ANTHONY RODESKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-1002-JES-JEH |
| ) | |
| MARVIN POWERS, *et al.*, ) | |
| ) | Hon. Jonathan E. Hawley |
| Defendants. ) | |
| ) | |

### PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff, through his attorneys, moves *in limine* requesting the following rulings:

### MOTION *IN LIMINE* NUMBER 1

### PLAINTIFF'S MOTION *IN LIMINE* TO BAR EVIDENCE OF PLAINTIFF'S CONVICTIONS

Plaintiff moves this Honorable Court *in limine* to bar any evidence that Defendants may attempt to offer concerning Plaintiff's convictions. Admission of a witness' convictions is discretionary. Federal Rule of Evidence 609(a)(1) provides that felony convictions can be admitted for impeachment if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect. In this case, Mr. Rodesky's convictions are totally irrelevant to the issues in this case—whether Defendants properly treated Mr. Rodesky's diabetes and related injuries to his foot, and whether Defendants properly accommodated his disability. Neither medical care nor accommodations are impacted in any way by Mr.

Rodesky's criminal history. Treatment for diabetes is exactly the same, whatever crime a person may have committed.

Mr. Rodesky's convictions in 2005 of two counts of murder in New Jersey, and the underlying facts of those convictions, are likely to prejudice a jury against him. As the Seventh Circuit has observed, "[p]resenting a §1983 plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as a belief that bad people should not be permitted to recover from honorable police officers." *Barber v. City of Chicago*, 725 F.3d 702, 714 (7th Cir. 2013). Here, the jury gains nothing but the potential for prejudice from hearing any details of Mr. Rodesky's 15-year-old convictions, including the fact of the convictions themselves.

Plaintiff thus moves this court to prohibit all references to his convictions. However, if any reference is allowed, Plaintiff asks that it be limited to the fact that he was convicted of two felonies in 2005. The type of felony does not bear upon his credibility and can only serve to prejudice the jury against him. While still prejudicial, admission of evidence of two felonies contributes the same probative value without the additional undue prejudice inherent in naming and describing the underlying felonies. *See. e.g. Old Chief v. United States*, 519 U.S. 172, 184-85 (1997)(When exercising discretion under Rule 403, the Court may consider an item's probative value and prejudice as compared to the probative value and prejudice of an alternative offer of proof.)

## MOTION *IN LIMINE* NUMBER 2

**PLAINTIFF'S MOTION *IN LIMINE* TO BAR EVIDENCE OF ANY TATTOOS OR ALLEGED AFFILIATIONS WITH ANY GANG OR POLITICAL GROUP**

Mr. Rodesky anticipates Defendants may make reference to or attempt to introduce evidence of his alleged tattoos or past group affiliations. This case is about Defendants' deliberate indifference to Mr. Rodesky's serious medical and ADA needs. Any evidence of affiliations or tattoos is not relevant to any fact at issue in the case and would be both unfairly prejudicial and improper character evidence. Fed. R. Evid. 402, 403, 404(b). It is thus barred by the Federal Rules of Evidence, and Mr. Rodesky asks the court to rule that it will not be permitted at trial.

## MOTION *IN LIMINE* NUMBER 3

**PLAINTIFF'S MOTION *IN LIMINE* TO PERMIT MR. RODESKY TO APPEAR IN CIVILIAN CLOTHES AND WITHOUT HANDCUFFS**

Mr. Rodesky requests he be unshackled and dressed in appropriate civilian clothes while in the presence of the jury to minimize any prejudice his prison clothing and restraints may cause. In the context of a trial his prison clothing would be a constant reminder to the jury of his condition as a prisoner. The Supreme Court has long recognized that requiring a party to wear prison attire results in "an unacceptable risk . . . of impermissible factors coming into play." *Estelle v. Williams*, 425 U.S. 501, 505 (1976) citing *Turner v. Louisiana*, 379 U.S. 466, 473 (1965). Likewise, the Seventh Circuit has found that requiring a prisoner to wear his prison clothing in front of a jury "is likely to influence the jury against the prisoner, and

has long been held as highly prejudicial." *Maus v. Baker*, 747 F. 3d 926, 927 (7th Cir. 2014). (citing *Holbrook v. Flynn*, 475 U.S. 560, 568-69 (1968))

With regard to handcuffs, shackles, or other restraints, prisoners are entitled to the minimum restraints necessary to maintain safety in the courtroom. *Lemons v. Skidmore*, 985 F. 2d 354, 359 (7th Cir. 1993), *Maus v. Baker*, 747 F.3d 926 (7th Cir. 2014) (reversing where prisoner plaintiff was prejudiced by being handcuffed during trial). Though Courts often address this issue by allowing prisoner plaintiffs to be unhandcuffed, but remain shackled at the ankles behind a curtain around counsel table, the specific facts of this case weigh against any shackling. At issue in this case is the amputation of Mr. Rodesky's right leg below the knee, which was caused by Defendants' deliberate indifference to his serious medical needs as a diabetic. If he is shackled, his ability to present his case will be unfairly constrained due to the very injury the Defendants caused, as he would be unable to display his injury to the jury without revealing his shackles. Given his disability, and his lack of any recent history of violence while institutionalized, he is not a threat. The presence of IDOC officers and U.S. Marshals will be sufficient to make any restraints unnecessary.

## MOTION *IN LIMINE* NUMBER 4

### PLAINTIFF'S MOTION *IN LIMINE* TO PERMIT WITNESSES TO APPEAR IN CIVILIAN CLOTHES AND WITHOUT HANDCUFFS

Plaintiff relies on the same authorities cited in Motion *in limine* number 4, above, to move this Court to allow all currently imprisoned witnesses for Mr. Rodesky to appear in civilian clothing and without visible restraints. Just as

4

allowing Mr. Rodesky to appear in prison clothes and restraints would prejudice him and his cause in the eyes of the jury, allowing his witnesses to appear in prison clothes and restraints would likely impact the weight the jury gives to their testimony, unfairly prejudicing Mr. Rodesky.

**MOTION *IN LIMINE* NUMBER 5**

**PLAINTIFF'S MOTION *IN LIMINE* TO BAR ANY PREVIOUSLY UNDISCLOSED OPINION TESTIMONY**

Mr. Rodesky next moves this Honorable Court *in limine* to bar Defendants from eliciting undisclosed opinion testimony. Under Federal Rule of Civil Procedure 26(a)(2), the parties must disclose the identities of all witnesses they intend to offer as experts at trial. Further, for retained witnesses, parties must disclose written reports containing complete statements of all opinions. For non-retained experts, parties must disclose the subject matter on which the witness is expected to present evidence as well as a summary of the facts and opinions to which the witness is expected to testify. Mr. Rodesky anticipates that Defendants may try to introduce testimony that goes beyond the scope of what they have disclosed. Any material that goes beyond the disclosures made by Defendants during discovery is prohibited at trial under Rule 37(c)(1) the Court should not allow it.

**MOTION *IN LIMINE* NUMBER 6**

**PLAINTIFF'S MOTION *IN LIMINE* TO BAR REFERENCES TO HIS STATUS AS A NEW JERSEY PRISONER**

Mr. Rodesky was convicted of crimes in New Jersey, and was transferred to custody in Illinois prior to any of the events described in the Complaint. Mr.

Rodesky anticipates Defendants may attempt to introduce evidence that he was a New Jersey prisoner in Illinois custody. The reasons for his transfer are clearly irrelevant to this case, and highly prejudicial, and so should not be presented to the jury. FRE 402, 403. His status as a New Jersey prisoner is also irrelevant, potentially prejudicial, and likely to confuse the jury. *Id.* Mr. Rodesky anticipates Defendants may argue his status is relevant to the issue of delay because, as they suggest in their motion for summary judgment, his care in April of 2013 was delayed until September when they were required to wait for the approval of the New Jersey Department of Corrections. (DMSJ, Dkt. 90, ¶¶178, 181). However, this argument is contradicted by the record. Documents produced by Defendants show that Pontiac medical staff did not send Mr. Rodesky's referral request for a surgical consult to New Jersey for approval until May 2, 2013. (PMSJ Exh. 7, Dkt 94-7). New Jersey approved the referral for Mr. Rodesky within three business days, on May 7, 2013, and notice of the approval was sent back to Pontiac's health care unit on May 7, 2013. (PMSJ Exh. 8, Dkt 94-8). A delay of five days does not explain a delay of almost six months. Evidence that he was a New Jersey prisoner is not relevant to any claim in this case and is prejudicial and confusing. Mr. Rodesky asks that it not be allowed at trial.

### MOTION *IN LIMINE* NUMBER 7

### PLAINTIFF'S MOTION *IN LIMINE* TO BAR ANY TESTIMONY FROM A WITNESS DEFENDANTS HAVE NEVER IDENTIFIED

Plaintiff next moves *in limine* to prohibit testimony from any undisclosed witness from IDOC's transfer coordinator's office. Based on Defendants' motion for

summary judgment, (Dkt. 90, ¶ 174, 180, 181), Mr. Rodesky anticipates Defendants may attempt to present testimony that the delay in Mr. Rodesky's treatment from April 5, 2013, when he received referrals for surgery and a wound clinic, until September 13, 2013, was attributable to a delay in approval by officials in New Jersey. Plaintiff disputes that this is a defense at all (Mr. Rodesky was in the custody of the Defendants, and they thus had a non-delegable duty to care for his medical needs). However, the court need not reach the issue of relevance.

Defendants have never identified any witness who would provide such testimony. In a supplemental disclosure by Wexford, Powers, and Tilden in September of 2019, they listed "Manager of Transfer Coordinator's Office or Designee" as a potential witness. This issue was the subject of a hearing on October 16, 2019. At that hearing, Mr. Rodesky's counsel asked the Court to compel Defendants to identify by name this purported witness. (Dkt 82). This Court gave Defendants 7 days to name the witness. (Dkt 82 at 19:18). Defendants failed to do so and have not so identified any witness since then. Therefore, any testimony from that person is prohibited under Federal Rules of Civil Procedure 37(c)(1) because Defendants have failed to identify the witness.

### MOTION *IN LIMINE* NUMBER 8

### PLAINTIFF'S MOTION *IN LIMINE* TO BAR REFERENCES TO THE FACILITY SECURITY LEVEL AT TAMMS OR PONTIAC

Plaintiff moves this court to prohibit testimony or other references to the security level at either facility at issue in this case. Mr. Rodesky's claims pertain to his medical care while incarcerated at Tamms Correctional in 2012, and at Pontiac

Correctional from 2012 to the present. Tamms, before it was closed in January 2013, was a "supermax" facility reserved for those the State deemed the most serious offenders.[1] Pontiac is a "Maximum Security" facility.[2]

Neither of those labels is relevant to any fact at issue in the case, and referring to the facilities as such would suggest to the jury that Mr. Rodesky is dangerous and not deserving of proper medical treatment. Because the labels are not relevant and are more prejudicial than probative, allowing such testimony would violate FRE 402 and 403 and Plaintiff moves this Court to prohibit their use at trial.

## MOTION *IN LIMINE* NUMBER 9

### PLAINTIFF'S MOTION *IN LIMINE* TO BAR ANY TESTIMONY THAT MR. RODESKY WAS NOT MOVED TO A LOWER GALLERY DUE TO SECURITY CONCERNS

Mr. Rodesky also moves *in limine* to bar any assertion by Defendants that he could not be moved to a lower gallery after his transfer to Pontiac in December 2012 due to security concerns. Mr. Rodesky anticipates that, as part of Defendants' defense to his ADA and RA claims, Defendants will claim that moving him to a location that did not force him to traverse stairs on an open wound in his foot would have caused a security risk, and thus was not reasonable. However, Defendants have no evidence to support this assertion. Indeed, the Warden of Pontiac, Defendant Randy Pfister, testified that he could not think of any security concerns

---

[1] https://www.pantagraph.com/news/state-and-regional/illinois/supermax-era-ends-as-last-tamms-inmates-leave/article_4ed03fce-513e-11e2-af70-001a4bcf887a.html
[2] https://www2.illinois.gov/idoc/facilities/Pages/pontiaccorrectionalcenter.aspx.

relating to Mr. Rodesky's potential placement on a lower gallery. Thus, this court should bar any testimony from any other witness that failing to provide Mr. Rodesky the reasonable accommodation of assigning him to a low gallery was due to "security concerns."

In order to prevail on his claims under the ADA and RA, Mr. Rodesky will present evidence that he is a person with a disability, and that he was denied access to medical care where the prison failed to make reasonable accommodations for his disability, forcing him to walk multiple flights of stairs each day--which opened the wound on his foot--to take his insulin. *See Kiman v. New Hampshire Department of Corrections*, 451 F.3d 274, 289 (1st Cir. 2006)(denial of access includes making access painful or dangerous). As part of his burden, Mr. Rodesky must show that timely movement to a low gallery would have been a reasonable accommodation. To counter this, Mr. Rodesky expects Defendants to assert "security concerns." A bare assertion of security concerns is insufficient to defeat a showing of reasonableness. *Chisolm v. McManimon*, 275 F.3d 315, 327 (3d Cir. 2001). Furthermore, making a general statement about "security concerns" has the potential to prejudice Mr. Rodesky by suggesting that he was dangerous to the prison, when in fact Defendants have disclosed no evidence during discovery to support any claim that moving Mr. Rodesky to a low gallery would jeopardize security in any way.

Warden Pfister admitted that security was not an issue, and the Defendants have failed to put forth any other evidence that moving Mr. Rodesky, specifically, would have affected prison security. Further the Illinois Department of Corrections

admitted during the 30(b)(6) deposition (with Starkey as its designee) that the IDOC had "no idea" what the reasons were for each of the changes in Mr. Rodesky's housing assignments. (DMSJ, Dkt. 90-26, Exh. H, 40-47). The IDOC also admitted during its 30(b)(6) deposition (Theresa Arroyo as its designee) that Pontiac staff regularly made accommodations for prisoners' medical needs, including honoring low gallery permits. (PMSJ, Dkt 94-12, Exh 12, 69-70). Warden Pfister made the same admission (PMSJ, Dkt 94-9, Exh. 9, 64). No witness testified that Mr. Rodesky's placement, specifically, was due to "security concerns" or what those specific concerns were with regard to Mr. Rodesky.

Given the binding admissions of the Department of Corrections, witnesses should not be allowed to assert that "security concerns" motivated a decision not to accommodate Mr. Rodesky's disability.

In addition, such testimony would constitute an improper lay opinion, as no such opinion has been disclosed in discovery responses identifying Defendants' experts. **See FRCP 26(a)(2), FRE 701.**

### MOTION *IN LIMINE* NUMBER 10

### PLAINTIFF'S MOTION *IN LIMINE* TO BAR ANY TESTIMONY THAT MR. RODESKY PLACED WOODEN OR OTHER FRAGMENTS IN HIS FOOT WOUND

Plaintiff moves to prohibit any speculative testimony that he placed wood, fiber, or other fragments into a wound on his foot in May of 2012 while he was under Dr. Powers' care at Tamms. Plaintiff anticipates Defendants may attempt to elicit this testimony based on a record produced in discovery and cited in their

Motion for Summary Judgment. (DMSJ, Dkt 90-10_Ex D, IDOC Pontiac Med Recs 000617). That record was created by a Dr. Dressen, who has not been disclosed as a potential witness. None of the witnesses disclosed thus far has personal knowledge of the existence of the fragments, and no one has any personal knowledge of how any fragments got into the wound on the bottom of Mr. Rodesky's foot. Further, no witness has offered any explanation of how Mr. Rodesky could have had access to any wood given that he was confined to Illinois' supermax prison, and had no contact with any visitor or other prisoner. Any testimony that concludes he intentionally contaminated his own wound is thus barred by FRE 602.

Additionally, the evidence is irrelevant to any claims or defenses and is therefore barred by FRE 403. After summary judgment, the only remaining count involving Dr. Powers relates to his failure to prescribe diabetic shoes in August of 2011—nine months prior to the alleged wound contamination. Any testimony about foreign material found in Mr. Rodesky's wound and speculation that Mr. Rodesky was intentionally contaminating his own wound should thus be barred as irrelevant.

## MOTION *IN LIMINE* NUMBER 11

### PLAINTIFF'S MOTION *IN LIMINE* TO BAR TESTIMONY RELATED TO TAMMS SECURITY DENYING RETURN OF PLAINTIFF'S CONFISCATED NON-MEDICAL GYM SHOES

Plaintiff moves to prohibit any testimony that security staff refused to return Mr. Rodesky's confiscated gym shoes to him. Plaintiff anticipates Defendants may attempt to elicit this testimony to justify Dr. Powers' failure to provide Mr. Rodesky

with medically necessary diabetic shoes after his ulcers had appeared in 2011. None of the witnesses disclosed thus far has personal knowledge of why Mr. Rodesky's gym shoes, which he purchased himself and were not prescribed, were not returned and there is no evidence in the record relating to the return of confiscated prisoner property. Thus, such testimony is barred by FRE 602.

After summary judgment, the only remaining count involving Dr. Powers relates to his failure to prescribe diabetic shoes in August of 2011. Thus, the evidence relating to Mr. Rodesky's confiscated, non-prescription gym shoes is irrelevant to any claims or defenses and is therefore barred by FRE 403. Furthermore, any references to non-medical shoes, which were out of Dr. Powers' control, would serve to unnecessarily confuse the jury. Any testimony about his gym shoes should thus be barred as irrelevant and unduly confusing.

        Respectfully Submitted,

        /s/ Nicole Schult
        Attorney for the Plaintiff

Alan Mills
Nicole Schult
Bridget Geraghty
Uptown People's Law Center
4413 N. Sheridan
Chicago, IL 60640
(773) 769-1411
nicole@uplcchicago.org

## **CERTIFICATE OF SERVICE**

I, Nicole Schult, an attorney, certified that I served a copy of this pleading on all counsel of record by filing the same through the CM/ECF system.

/s/ Nicole Schult