E-FILED
Saturday, 04 December, 2021  09:05:08 AM
Clerk, U.S. District Court, ILCD

## INSTRUCTION #1

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or what your verdict should be.

INSTRUCTION #2

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

INSTRUCTION #3

During the trial, certain testimony was presented to you by reading of depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

INSTRUCTION #4

Certain things are not to be considered as evidence. I will list them for you.

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what was said in opening statement and closing arguments, your memory is what counts.

INSTRUCTION #5

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

INSTRUCTION #6

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

INSTRUCTION #7

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

INSTRUCTION #8

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

INSTRUCTION #9

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

INSTRUCTION #10

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying;
- and the reasonableness of the witness's testimony in light of all the evidence in the case.

INSTRUCTION #11

You may consider statements given by parties before trial as evidence of the truth of what they said in the earlier statements, as well as in deciding what weight to give their testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

INSTRUCTION #12

You have heard evidence that Plaintiff and a witness have been convicted of a crime. You may consider this evidence only in deciding whether the testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

INSRUCTION #13

It is proper for a lawyer to meet with any witness in preparation for trial.

INSTRUCTION #14

You must not speculate on the reasons why witnesses or other entities were not or are not now defendants. Instead, you must decide the Plaintiff's claims against Defendants based on these instructions.

INSTRUCTION #15

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

INSTRUCTION #16

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

INSTRUCTION #17

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

INSTRUCTION #18

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the other is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against the other defendant.

INSTRUCTION #19

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:

When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

INSTRUCTION #20

If you decide for a defendant on the question of liability, then you should not consider the question of damages for that defendant.

INSTRUCTION #21

In this case, Plaintiff asserts two claims under federal law:

1.   First, Plaintiff claims that Defendant Pfister was deliberately indifferent to his serious medical need in violation of the Eighth Amendment to the United States Constitution, specifically that Warden Pfister wrongfully failed to move him to a lower gallery before June 4, 2013.

2.   Secondly, Plaintiff claims that the Illinois Department of Corrections ("IDOC") failed to accommodate his disability, in violation of his rights under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, by housing him in an upper gallery at Pontiac Correctional Center from December 23, 2012 through June 4, 2013.

Defendants deny each of the claims against them.

You must give separate consideration to each claim and to each party in this case.

INSTRUCTION #22

Defendant Pfister is being sued as an individual in the Eighth Amendment claim. IDOC is not a party to the Eighth Amendment claim.

INSTRUCTION #23

To succeed on his claim of deliberate indifference to his medical needs against Defendant Pfister, Plaintiff must prove each of the following four things by a preponderance of the evidence:

1.   Plaintiff had a serious medical need. A serious medical need is a condition that a doctor says requires treatment or something so obvious that even someone who is not a doctor would recognize that it requires treatment.

2.   Defendant was aware that Plaintiff had a serious medical need.

3.   Defendant consciously failed to take reasonable measures to address Plaintiff's medical need.

4.   As a result of Defendant's actions, Plaintiff was harmed.

Plaintiff must show that the Defendant engaged in more than mere negligence and that his conduct approached intentional wrongdoing or criminal recklessness. Prison officials who are not medical professionals are entitled to rely on the opinions of medical professionals.

The doctrine of respondeat superior does not apply to actions filed under Section 1983. Respondeat superior means supervisory liability, which means that a supervisor cannot be held liable for the actions or inactions of his subordinates. Involvement in the grievance process cannot establish § 1983 liability nor actual knowledge.

Liability under Section 1983 requires a defendant's direct, personal involvement. An individual is only responsible for the harm that he or she

personally inflicted on the prisoner. A plaintiff claiming a violation of Section 1983 must produce evidence that the defendant caused or participated in the constitutional deprivation. There must be a causal connection or affirmative link between the action complained about and the official sued.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant Pfister, and you will not consider the question of damages.

INSTRUCTION #24

Plaintiff has also brought this lawsuit against the Illinois Department of Corrections under federal laws called the Americans Disabilities Act ("ADA") which is often referred to by its initials, "ADA," as well as Section 504 of the Rehabilitation Act ("§ 504"). Since both of these laws have similar elements, when I refer to the ADA I am incorporating § 504 as well.

Under the ADA, it is illegal for a public entity to discriminate against an individual with a disability. The parties agree that IDOC is a public entity under the ADA.

Plaintiff claims that he was an individual with a disability and IDOC wrongfully denied his request for a reasonable accommodation in violation of the ADA and § 504.

IDOC denies these claims.

As you listen to these instructions, please keep in mind that many of the terms I use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

INSTRUCTION #25

On the ADA and § 504 claim against the Illinois Department of Corrections, Plaintiff claims that the IDOC unlawfully refused to give him a "reasonable accommodation." To succeed, Plaintiff must prove four things by a preponderance of the evidence:

1. Plaintiff had a disability. I will define "disability" and several other important terms for you in a few minutes;

2. Plaintiff requested an accommodation;

3. The Illinois Department of Corrections was aware of Plaintiff's disability at the time of Plaintiff's request;

4. The Illinois Department of Corrections failed to provide Plaintiff with a reasonable accommodation;

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, you should turn to the issue of Plaintiff's damages. If you find that Plaintiff has failed to prove any of these things by a preponderance of the evidence, your verdict should be for Defendant.

INSTRUCTION #26

Under the ADA, the term "disability" means a physical impairment that "substantially limits" a "major life activity." Major life activities are activities that are of central importance to everyday life. They are activities that an average person can do without much difficulty. Examples include: caring for yourself, doing manual tasks (such as household chores), bathing, brushing teeth, walking, talking, seeing, hearing, breathing, learning, and working. "The term 'physical impairment' means any condition that prevents the body from functioning normally.

I will now define some of these terms in more detail. Again, I remind you to consider the specific definitions I give you, and not to use your own opinion as to what these terms mean.

(a) Substantially Limiting

Under the ADA, an impairment "substantially limits" a person's ability to walk if it prevents or severely restricts him from accessing medical services, compared to the average person in the general population. To decide if Plaintiff's alleged impairment substantially limits Plaintiff's ability to walk, you should consider the nature and severity of the impairment, how long it is expected to last, and its expected long-term impact.

Only impairments with a permanent or long-term impact are disabilities under the ADA. Temporary injuries and short-term impairments are not disabilities. Even so, some disabilities are permanent, but only appear from time to time. For example, if a person has a mental or physical disease that usually is not a problem, but flares up from time to time, that can be a disability if it substantially limits a major life activity.

INSTRUCTION #27

Under the ADA, to "accommodate" a disability is to make some change that will let a person with a disability participate in and receive the benefit, program or service of IDOC at issue in this case. An accommodation is "reasonable" if it is effective and its costs are not clearly disproportionate to the benefits that it will produce.

INSTRUCTION #28

Under the ADA, denying the Plaintiff the benefits of medical services includes making access to medical services more painful or difficult for the individual or putting him at risk of incurring serious injuries when he attempts to access them.

INSTRUCTION #29

If you find that one or more Defendants are liable to Plaintiff, then you must determine an amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the Defendant's wrongful conduct. These damages are called compensatory damages.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages and no others:

The physical pain and suffering Plaintiff experienced as a result of Defendant's wrongful conduct. No evidence of the dollar value of physical pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

INSTRUCTION #30

If you find for Plaintiff and against Defendant Pfister on his Eighth Amendment Claim, you may, but are not required to, assess punitive damages against Defendant Pfister. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant Pfister. You may assess punitive damages only if you find that the conduct of Defendant Pfister was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant, including whether the conduct involved an abuse of power;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made; and
- the relationship of any award of punitive damages to the amount of actual harm Plaintiff suffered.

INSTRUCTION #31

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A form of verdict have been prepared for you. I will read it to you now.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

INSTRUCTION #32

Throughout your deliberations, you may discuss with each other the evidence and the law that has been presented in this case, but you must not communicate with anyone else by any means about the case. You also cannot learn from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps (such as Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat) to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom. Information you find on the internet or through social media might be incomplete, misleading, or inaccurate. And, as I noted in my instructions at the start of the trial, even using your smartphones, tablets, and computers - and the news and social media apps on those devices – may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom. For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

INSTRUCTION #33

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

INSTRUCTION #34

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.